Elizabeth D. Tate   AZ Bar No.  32659
2953 N. 48th Street
Phoenix, AZ 85018-7749
Telephone (602) 670-4653
E-mail: attorneyelizabethtate@yahoo.com
Fax (602) 595-5959
Attorney for Plaintiff Vanessa Hernandez

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Vanessa Hernandez**, <br> Plaintiff, <br><br> v. <br><br> **Grand Canyon University, a domestic non-profit corporation,** <br><br> Defendant. | **Case #** <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Vanessa Hernandez, by her undersigned attorney of record, submits this Complaint and Demand for Jury Trial pursuant to Federal Rules of Civil Procedure ("FRCP"), Rules 3, 7(a)1, 8(a), 15(a) and 38(a & b):

### 1. Plaintiff's Claim

Violation of the Americans with Disabilities Act 42 U.S.C. § 12182 Failure to Grant Reasonable Accommodation

## 2. The Parties, Jurisdiction and Venue

**1.** At all times material to this Complaint, the Plaintiff, Vanessa Hernandez ("Hernandez") has been:

(A)  An adult resident of Maricopa County, Arizona; and

(B)  A college student pursing a pre-medicine college degree from Defendant Grand Canyon University ("GCU"

(C) An individual with the disability of an orthopedic injury to her right ankle that limits her major life activity of walking which is a "disability" as defined by the Americans with Disabilities Act.

(D)  Fully qualified to be a college student at GSU pursuing a college degree and can meet GSU's essential eligibility requirements with or without an accommodation.

(E) Hernandez was excluded from GCU's benefits and services because of her disability. GCU forced Hernandez to drop out of its program with failing grades.

**2.** Defendant Grand Canyon University has always been material to this Complaint:

(A) An Arizona non-profit corporation offering Christian education to students in Phoenix, Arizona with 70,000 online students and 20,000 students attending on campus.

(B) GCU is a public entity within the meaning of Title III of the ADA.

**3.** All events alleged herein occurred within the State of Arizona.

**4.** This Court has personal jurisdiction over the parties based upon the facts alleged herein.

**5.** This Court has subject matter jurisdiction for the federal claim herein pursuant to 28 U.S.C. 1331 because it arises from a federal statute.

**6.** This Court (Phoenix Division) is the proper venue for this action pursuant to 28 U.S.C. 1391 (b) (1 & 2).

### 3. General Fact Allegations

**7.** GCU admitted Vanessa Hernandez, "Hernandez" to undergraduate program in 2015. Hernandez performed her assigned class work very well, making Dean's List and President's List every semester.

**8.** Hernandez completed all course work until April 2, 2018 when she fell down the stairs of Building One. Hernandez's mother had to come to campus to take Hernandez to a hospital emergency room. Medical personnel treated Hernandez with a boot and crutches.

**9.** The following day, Hernandez asked for a handicapped parking permit but GCU staff informed her the handicapped parking was only for those who were permanently disabled. Hernandez made this request in person. Once denied, Hernandez called GCU to make her request again. On April 18, 2018, a GCU staff member named Sara called Hernandez to inform Hernandez the GCU had verified her condition and that she would notify Hernandez's instructors to get an accommodation for Hernandez's course work. Hernandez purchased a scooter to get around campus as prescribed by her doctor.

**10.** On April 6, 2018, Hernandez missed an exam due to her condition. On Wednesday April 9, 2018, Hernandez tried to attend class but was unable. April 23, 2018, Hernandez missed her final exam. Hernandez contacted her

instructor, Ryan Melillo to request permission to make up the exams but Melliollo denied her request.

**11.** On April 18, 2018, Hernandez had another accident on her scooter when she traversed an uneven sidewalk that was gravelly. This second accident aggravated Hernandez's disability was aggravated and injured her big toe and all bones in her foot were bruised.  Hernandez contacted her advisor to ask for a medical withdrawal.  Her advisor informed her there was no such thing and to ask Melillo for an incomplete. Melillo would not give Hernandez an incomplete for her coursework to her to go to Assistant Dean Jon Valla who told he couldn't approve the incomplete because he had no medical documentation on file which was not true.

**12.** GCU through its administrators intentionally discriminated against Hernandez on account of her disability to exclude Hernandez from fully participating in its school program.

**13.** GCU failed to make a reasonable accommodation of Hernandez by permitting her to re-take her exams, assigning Hernandez an incomplete or permitting her to withdraw because of her disability.

**14.** GSU's granting Hernandez an accommodation would not have modified or fundamentally alter the nature of GCU's academic program.

## **4. Demand for Jury Trial**

Plaintiff Hernandez demands a trial by jury pursuant to the Seventh Amendment to the United States Constitution, and FRCP Rule 38(a & b).

## **5. Requested Relief**

Based upon the foregoing, Plaintiff Hernandez respectfully request the following relief against the Defendant:

Count One:  Violation of the Americans with Disabilities Act Title III

1. Compensatory and general damages in an amount to be determined by the trier-of-fact

2. Injunctive relief including, inter alia, actions to enjoin and prevent future disability discrimination, and to remedy harm done to Hernandez.

3. Her reasonable attorney's fees incurred herein.

4.  Her taxable costs incurred herein, pursuant to FRCP Rule 54(d) (1), LRCiv Rule 54.1, and 28 U.S.C. 1920.

Respectfully submitted April 2, 2020

/s/ Elizabeth D. Tate
Elizabeth D. Tate
 Attorney for Plaintiff Hernandez